# RIVIERA MOTORS, INC. *v.* STATE TAX COMMISSION

# PORSCHE CAR NORTHWEST, INC. *v.* STATE TAX COMMISSION

William F. Bernard, Portland, argued the cause for plaintiffs and filed a brief.

Donald C. Seymour, Assistant Attorney General, Salem, argued the cause for defendant.

Decision for plaintiffs rendered November 10, 1965.

EDWARD H. HOWELL, Judge.

These cases, with identical issues, and involving personal property taxes paid under protest, have been consolidated for trial and decision.

The plaintiffs, importers of foreign autos and auto parts, part of which are for resale out of the state,

contend that the merchandise destined for out-of-state sales is exempt under the Oregon free port law, ORS 307.810. This law provides in part as follows:

"* * * (1) Personal property in transit through this state is goods, wares and merchandise destined for sale in the ordinary course of trade or business, manufactured or produced outside the state and brought into the state for transshipment to an out-of-state destination (other than the county of origin), while being so shipped or while held in public or private storage awaiting further shipment. Such property is deemed to have acquired no situs in Oregon for purposes of taxation. * * *"

The defendant tax commission concedes that the merchandise destined for sale out-of-state is exempt under the above statute but contends that the plaintiffs did not use the proper procedure to claim the exemption with the Washington County Assessor.

Plaintiffs' original claim for exemption was computed on a percentage of the total inventory on hand on January 1, 1964, based upon plaintiffs' out-of-state sales experience for previous years. For example, plaintiff Riviera Motors, Inc. claimed that 66.34 percent of its warehouse inventory on hand on January 1, 1964, was exempt based upon out-of-state sales for previous years.

The plaintiffs' claim for exemption was denied and plaintiffs were advised that the exemption should be claimed by reporting the total inventory as exempt and then subtracting the actual in-state sales each month. The plaintiffs followed this procedure by filing an amended claim but this was denied upon the grounds, among other things, that it was not timely filed. Plaintiffs' appeal to the tax commission was dismissed.

■ ORS 307.820 (before the 1965 amendment hereinafter discussed) provided generally that the records of the company should contain a correct inventory of the exempt property, the date of receipt and withdrawal of the same and the point of origin and destination. ORS 307.830 requires the claim for exemption to be filed by the taxpayer on a form prescribed by the State Tax Commission. The claim must include the basis therefor and "designate the property to which the claim is made."

Tax Commission Reg. Art. 7820 requires the maintenance of books and records which enable the assessor "quickly to identify those goods which are subject to exemption." Reg. Art. 7830 pertaining to the filing of the claim for exemption requires the in transit property to be separately stated.

■ ORS 307.820 has now been amended by Oregon Laws of 1965, ch 395, to allow a percentage allocation based on out-of-state sales for previous years as followed by plaintiffs in this case.

■ In this court's opinion there was nothing in the statutes or regulations prior to the 1965 amendment to ORS 307.820 which would prevent the plaintiffs from following the percentage method of reporting the exempt free port merchandise.

There was also evidence introduced in the case that at least one other county in Oregon had been allowing the percentage method of reporting in cases involving free port goods.

The percentage of exempt inventory and the tax have been stipulated in both cases. The plaintiffs are entitled to a refund of the personal property taxes paid on the exempt merchandise.